IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES RAY JONES,
        Plaintiff,

                                         CV 04-0009-PK

                                         OPINION AND
v.                                     ORDER


TONY SANTOS, LIEUTENANT T.
SAMPSON, CAPTAIN A. HANNON,
JOHN DOE NOS. 2, 5-7

        Defendants.

_____

PAPAK, Magistrate Judge:

        Plaintiff James Ray Jones, an inmate of the Eastern Oregon Correctional Institute

("EOCI"), filed this action *pro se* on January 12, 2004.  Jones' complaint (#2), as originally filed,

named defendants identified as Beachem, T. Cupp, Benjamin deHann, and Jeffrey L. Jones

("JLJ").  On August 17, 2004, Jones filed an amended complaint (#25), naming four Doe

defendants only; these defendants were identified as the Superintendent of EOCI, the Assistant

Page 1 - OPINION AND ORDER

Superintendent of EOCI, and two corrections officers of EOCI.

Subsequently, on or before September 26, 2005, Jones obtained representation by legal counsel. With assistance of counsel, Jones filed a second amended complaint (#74) on September 6, 2006, naming the current defendants: Tony Santos (Superintendent of EOCI), Doe No. 2 (identified as Assistant Superintendent of EOCI), Lieutenant Thomas Sampson (an EOCI corrections officer), Captain Al Hannon (an EOCI corrections officer), Doe No. 5 (identified as an EOCI staff nurse), Doe No. 6 (identified as an EOCI staff physician), and Doe No. 7 (identified as that employee or those employees responsible for running the EOCI inmate communications system). Jones' third amended complaint (#81), filed November 1, 2006, made no further modification to the roster of named defendants.

Jones' third amended complaint states a Section 1983 claim alleging violation of Jones' Eighth Amendment right to freedom from cruel and unusual punishment. Specifically, Jones alleges that he was repeatedly raped by his cellmate JLJ over a period of months, that he made repeated efforts to report the ongoing rapes, and that, out of deliberate indifference to Jones' health and safety, defendants took no action to prevent further such rapes from occurring.

Now before the court is defendants' motion for summary judgment (#89). Defendants argue that summary judgment in their favor is appropriate because Jones allegedly failed to exhaust required administrative remedies before filing this action, because there can be no supervisor liability in Section 1983 actions, because the Doe defendants have not been identified with particularity approximately ten months following the close of all discovery in this action, because Jones' Eighth Amendment rights allegedly were not violated by any defendant, and because each defendant is allegedly entitled to qualified immunity.

For the following reasons, this court construes Jones' opposition to defendants' motion as articulating a Federal Civil Procedure Rule 56(f) request to stay further summary judgment proceedings in order to permit limited additional discovery to go forward, and grants the request. Disposition of defendants' motion for summary judgment will therefore be stayed as set forth below.

## LEGAL STANDARD

Federal Civil Procedure Rule 56 provides that where a party presents affidavits stating that more evidence is needed to oppose summary judgment, the court may, among other things, hold summary judgment in abeyance to permit necessary discovery to take place:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

## RELEVANT FACTS

As noted above, Jones pursued this action *pro se* from January 12, 2004, until September 26, 2005, when his current counsel filed a first appearance (#50). Jones has enjoyed assistance of counsel continuously from September 26, 2005, through the present. Jones' counsel engaged in discovery on Jones' behalf until formal discovery closed in this action January 26, 2007, pursuant to this court's minute order (#79). Moreover, at oral argument on November 9, 2007, counsel for both parties indicated that the parties continued to engage in discovery following the formal close of discovery and, indeed, continued to do so until defendants' unopposed motion to stay such discovery (#107) was granted by minute order (#108) on November 8, 2007.

Page 3 - OPINION AND ORDER

Although formal discovery ended in January 2007, to date Jones has neither identified any of the Doe defendants named as parties to this action in his second amended complaint of September 6, 2006, nor offered any admissible evidence from which a reasonable trier of fact could conclude that any of the defendants identified by name had the subjective knowledge of risk to Jones' health and safety that constitutes an essential element of his Eighth Amendment claim.

## ANALYSIS

In his opposition briefing, Jones asserts that he lacks information essential to resisting defendants' motion, and further asserts that such information could be readily obtained through discovery. Specifically, Jones asserts that the identities of Does Nos. 2, 5, 6, and 7 could be readily ascertained through interrogatories. Moreover, at oral argument in connection with defendants' motion, counsel for Jones represented to the court that deposition of one or more of the Doe defendants, once identified, may be expected to yield additional information essential to Jones' opposition, possibly including evidence that the already-identified defendants, despite their sworn testimony to the contrary, had subjective knowledge of the risk of harm to Jones at the time they took no action to prevent it.

The court notes that Jones has already enjoyed ample opportunity to obtain any discovery essential to his case. This action was filed nearly four years ago, in January 2004. Jones has been assisted by counsel since September 2005. Jones filed an amended complaint naming one of the Doe defendants as early as August 2004, and amended his complaint to name the other three in September 2006, over a year ago. Discovery did not close in this action until January 2007, and counsel for both parties have represented to the court that, despite the formal closure

of discovery, document discovery continued unabated in this action until it was stayed effective November 9, 2007.

Nevertheless, rather than foreclose all opportunity for relief by simple enforcement of discovery deadlines, however longstanding, the court will construe Jones' opposition papers as including a request under Federal Civil Procedure Rule 56(f) to stay further summary judgment proceedings and to permit limited additional discovery to go forward. The construed Rule 56(f) motion is granted as follows: Jones shall conduct such discovery as may be calculated to obtain all information essential to his opposition, and in addition shall file and serve an amended complaint identifying the Doe defendants with particularity and/or shall file an affidavit compliant with Rule 56(e) setting forth all specific facts required to justify his opposition, within thirty days of the date hereof. The stay of discovery effected by this court's minute order of November 9, 2007 (#109) is lifted to permit such additional discovery to go forward. Further summary judgment proceedings are continued until such time as defendants have had an opportunity to respond to Jones' filings in compliance with this order, if any.

In the event of Jones' failure to file an amended complaint or supplemental affidavit in compliance with this order, this court will issue a Findings and Recommendation on the basis of the record currently before the court. In the event Jones files a timely amended complaint and/or supplemental affidavit, defendants shall have fifteen days to file responsive argument or materials, and the matter will go under advisement thereafter.

By issuing this order, the court makes no representation that Jones' fourth amended complaint, if any, will be deemed timely filed as against any of the newly-identified Doe defendants. Indeed, from the evidence now in the record, it appears likely that Jones' claim is

time-barred as to Does Nos. 5, 6, and 7. However, Jones' counsel has represented to the court

that grounds may exist for extending the applicable limitations period and/or for relation back of

the amended complaint, so that the claims against these defendants could be timely; moreover,

the timeliness issue has not been properly raised before the court. In the event Jones files an

amended complaint identifying the Doe defendants, defendants will have an opportunity to

respond appropriately at that time.

## CONCLUSION

For the reasons set forth above, the discovery stay provided in the court's minute order of

November 9, 2007, is lifted, further summary judgment proceedings are stayed, and discovery in

connection with defendants' motion for summary judgment (#89) shall be permitted through

December 19, 2007. Also by December 19, 2007, Jones shall file an amended complaint

identifying all Doe defendants with particularity and/or shall file an affidavit compliant with the

provisions of Rule 56(e) setting forth all facts necessary to demonstrate the existence of a

genuine issue for trial, if any, in this action.


Dated this 19th day of November, 2007.


 /s/  Paul Papak
Honorable Paul Papak
United States Magistrate Judge


Page 6 - OPINION AND ORDER