FILED'08 MAY 14 15:30USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES RAY JONES | Civil No. 04-0009-PK |
| Plaintiff, | ORDER |
| v. | |
| TONY SANTOS, et al., | |
| Defendants. | |

HAGGERTY, Chief Judge:

Magistrate Judge Papak issued a Findings and Recommendation (F&R) [139] in this action, recommending that defendants' motion to dismiss for failure to exhaust administrative remedies [125] be denied. On April 16, 2008, the matter was referred to this court. When a

1       - ORDER

party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review of that Findings and Recommendation. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Findings and Recommendation provided a thorough analysis of the facts. This factual analysis is not objected to by defendants, and need not be repeated here.

Defendants object to the Findings and Recommendation's conclusion that plaintiff exhausted his administrative remedies. The Findings and Recommendation found that plaintiff made "a good-faith effort . . . to avail himself of a valid grievance procedure expressly contemplated in applicable rules." F&R at 8.

In finding that plaintiff had made reasonable efforts to pursue available administrative remedies, the Findings and Recommendation concluded that no procedures available to plaintiff would afford him relief. This court agrees. In *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005), the Ninth Circuit held that exhaustion is not necessary when "no pertinent relief can be obtained through the internal process." *Id.* at 935. Further "a prisoner need not press on to exhaust further levels of review once he has either received 'all available' remedies. . . ." *Id.* at 935. Here, the plaintiff first reported the sexual assault to an employee, then sent several "kytes" complaining about ongoing sexual assaults. Plaintiff then formally grieved the lack the response to the kytes. In response to his second formal grievance, plaintiff was directed to address further communications to the Umatilla County District Attorney's office. At that point, relief was no longer available through the internal grievance procedure. *See id.* at 936 ("awaiting the results of investigations triggered by the grievance process but outside of it can serve the purposes of the exhaustion requirement").

The court has given the file of this case a *de novo* review, and has also carefully evaluated the Findings and Recommendation, the objections, and the entire record. The reasoning and recommendations are sound, correct, and entitled to adoption.

## CONCLUSION

This court adopts the Findings and Recommendation [139]. Accordingly, defendants' motion to dismiss [125] is DENIED.

IT IS SO ORDERED.

Dated this 14 day of May, 2008.

Ancer L. Haggerty
United States District Judge

3   - ORDER